**Maryann WEISSMAN and Key Martin, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 9749, 9750.**

United States Court of Appeals
Tenth Circuit.

Dec. 20, 1967.

---

Warren L. McConnico and Sam Harris, Tulsa, Okl. (Thomas H. Gudgel, Jr., Tulsa, Okl., and Melvin L. Wulf and Eleanor Holmes Norton, New York City, of counsel, were with them on the brief), for appellants.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH and BREITEN-STEIN, Circuit Judges, and DELE-HANT*, District Judge.

BREITENSTEIN, Circuit Judge.

Appellants-defendants were charged in an information with a violation of 18 U.S.C. § 1382 by the reentry to a military reservation after having been ordered not to do so. The charge was a petty offense under 18 U.S.C. § 1. As permitted by 18 U.S.C. § 3401(b), the defendants elected to be tried in the United States District Court and demanded and received a jury trial. They were found guilty and appeal from the sentences imposed.

Fort Sill is a military reservation in Oklahoma. In June, 1967, defendant Weissman attended a court-martial held there and participated in a demonstration which included "chanting, making noises, and the singing of certain phrases to the disruption of the court." The commandant received reports of these demonstrations and of the activities of both Weiss-

---

* Of the Eighth Circuit, sitting by designation.

man and Martin. He orderd that they should not reenter Fort Sill. On July 29, 1967, written notice of that order was served on the defendants personally. On July 31 the military authorities, on the basis of statements of the defendants to the press and on the basis of surveillance of defendants suspected that the defendants might reenter the base to attend a court-martial. Cars in which the defendants were riding were stopped at a traffic control point within the reservation because the cars did not have the required permit stickers. The defendants were later identified and arrested.

■■ Defendants say that they were free lance journalists and that the bar order violated the First Amendment guarantee of freedom of the press and the Sixth Amendment right to a public trial. The claim that they were representatives of the press is based on affidavits submitted in support of a motion to dismiss.[1] At the time of their arrest they did not assert a right to enter the reservation because of any representation of the press. We doubt that their belated self-serving declarations entitle them to be heard on the point. In any event the argument is without merit. If it be assumed that a defendant in a court-martial has the right to a public trial, there is grave doubt whether members of the press have standing to invoke that right.[2] Even if they have, they may be ordered to conform to standards of conduct and may be excluded if necessary to maintain orderly proceedings.[3] Weissman participated in an unseemly demonstration at a previous court-martial and Martin solicited people to take part in such demonstrations. The military authorities had the responsibility to forestall such conduct by excluding those responsible therefor. In our opinion no violation of either the First Amendment or Sixth Amendment occurred by barring the defendants from entering the reservation.

The bar order is attacked on the ground that the government showed no valid reason for its promulgation. The argument is that Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230, requires that the reason for exclusion must be spelled out in detail. We do not read the Cafeteria Workers decision as requiring that detailed reasons are necessary to sustain a bar order. It holds that although the person challenging the order "could not have been kept out because she was a Democrat or a Methodist * * *," she could be excluded on the showing that "the reason advanced for her exclusion was * * * entirely rational * * *" and the order was within the authority of the issuing officer.[4]

We do not understand the argument of the defendants as attacking the authority of the commandant to make the order. In the Cafeteria Workers decision the Court recognized that a Post Commander in the exercise of his discretion could exclude from the Post private persons "in the interest of good order and military discipline."[5] The question then is whether the order was rational.

■■ General Brown, the commanding officer, ordered his staff to investigate the defendants' activities at Fort Sill. The staff intelligence officer pre-

---

1. The defendants did not testify at the trial. At a bond-reduction hearing Weissman testified that she was a clerk and stenographer and had not worked for four months. Martin said that he was a lay-out designer and did clerical work for a New York firm but had not been employed for two months.

2. See In re United Press Associations v. Valente, 308 N.Y. 71, 123 N.E.2d 777, and Geise v. United States, 9 Cir., 265 F.2d 659, 660, cert. denied 361 U.S. 842, 80 S.Ct. 94, 4 L.Ed.2d 80.

3. See Sheppard v. Maxwell, 384 U.S. 333, 357–358, 86 S.Ct. 1507, 16 L.Ed.2d 600, and Estes v. State of Texas, 381 U.S. 532, 539–540, 85 S.Ct. 1628, 14 L.Ed.2d .543.

4. Id. at 367 U.S. 898, 81 S.Ct. 1750. The dissenting opinion of Mr. Justice Brennan states the holding of the majority to be that "the mere assertion by government that exclusion is for a valid reason forecloses further inquiry." Id. at 367 U.S. 900, 81 S.Ct. 1751.

5. Id. at 367 U.S. 893, 81 S.Ct. 1748.

pared a report which went up the chain of command to the General. On the basis of the report the General made the bar order. He testified that he did so because he considered the conduct of the defendants "prejudicial to good order and discipline, and the accomplishment of my mission." In the facts presented the basis for the order appears more clearly than did the basis for the order in the Cafeteria Workers case. We believe that the order was reasonable. Even if we did not so believe, the order was within the discretionary power of the commandant and not reviewable by the courts.[6]

While General Brown was on the witness stand, defense counsel made a demand under 18 U.S.C. § 3500 for the production of written reports relevant to his testimony. The court refused to order such production. The argument is that under both § 3500 and the decision in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, the defense is entitled to the reports because of their bearing on the justification for the order. The answer is that the argument collides with the principle just recognized. As a matter of law there may be no challenge to the General's statement of the reason for the bar order. Because of this rule, it is unnecessary to consider whether the reports are statements subject to production under either § 3500 or the Jencks decision. Absent the right to attack, the means or method of attack merit no consideration.[7] In our opinion the trial court correctly denied access to the reports which were demanded.

■ Defendants argue that their arrests were illegal. Pursuant to orders the military policemen were stopping all cars at traffic control points to determine whether they bore the required permit stickers. After the defendants were identified as passengers, they were taken into custody. The cars were not searched and no statements were taken. Reliance on Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134, is misplaced. There a particular car was stopped on a public street and searched without sufficient cause to believe that the occupants were committing any crime. In the circumstances of that case the arrest occurred when the car was stopped and, as the arrest was illegal, the search was illegal. An arrest does not occur when a military policeman stops a car at a traffic control point within a military reservation to ascertain if the car is authorized to proceed.

■ A witness for the government testified that the point where the cars were stopped was "exclusively owned by the United States and within the exclusive jurisdiction of the United States." Under Army Regulations a member of the army may make an arrest for "a misdemeanor amounting to a breach of the peace * * * committed in his presence."[8] The military police knew of the bar order. When they saw the defendants on the reservation in violation of that order, a misdemeanor was committed in their presence and they had full power to arrest. The fact that the stopping of the cars and the identification of the defendants were not simultaneous

6. Harper v. Jones, 10 Cir., 195 F.2d 705, 707, cert. denied 344 U.S. 821, 73 S.Ct. 19, 97 L.Ed. 639. See also Noyd v. McNamara, 10 Cir., 378 F.2d 538, 540, cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667; Luftig v. McNamara, 126 U.S.App.D.C. 4, 373 F.2d 664, 665–666, cert. denied 387 U.S. 945, 87 S.Ct. 2078, 18 L.Ed.2d 1332, and Ainsworth v. Barn Ballroom Co., 4 Cir., 157 F.2d 97, 100.

7. In United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429,

it was held that, because the courts could not inquire into the method by which the Secretary of Agriculture reached a decision, it was improper to require him to give a deposition pertaining to his reasons for that decision. The same reasoning precludes the defendants from the right to have the reports which they seek.

8. Army Regs. 633–1, para. 8, Sept. 13, 1962. This regulation is authorized by 32 C.F.R. § 503.1 and 10 U.S.C. § 3012 (e) and (g).

does not change the result. The offense occurred when the defendants entered the reservation. In our opinion the arrests were lawful and the testimony of the military police in regard thereto was properly submitted to the jury.

The trial court imposed sentences of six months imprisonment and a $500 fine, the maximum permitted by 18 U.S. C. § 1382. Defendants say that the sentences are unnecessarily severe. When a sentence is within the limit fixed by law, the appellate court will not interfere with the trial court's exercise of discretion in fixing that sentence.[9]

Affirmed.

9. Welch v. United States, 10 Cir., 371 F. 2d 287, 294, cert. denied 385 U.S. 957, 87 S.Ct. 395, 17 L.Ed.2d 303, and Martin v. United States, 10 Cir., 364 F.2d 894, 896.