**Elmon ROY, Appellant,**

v.

**MID-CONTINENT CASUALTY COMPANY, a corporation, Appellee.**

**No. 146-70.**

United States Court of Appeals,
Tenth Circuit.

Feb. 26, 1971.

David W. Edmonds, Oklahoma City, Okl., for appellant.

Clarence P. Green, Oklahoma City, Okl. (Mickey James, Oklahoma City, Okl., with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN, and SETH, Circuit Judges.

SETH, Circuit Judge.

This is a garnishment action in which it is alleged that Mid-Continent Casualty Company is liable on a policy of fire insurance issued to Ardena Treating Company. The plaintiff in this action, Elmon Roy, had entered into an oral agreement to lease a reverse circulating pump, but there is considerable dispute as to which of three corporations was the lessee. In a prior action plaintiff here had brought suit against J. D. "Pete" Miller, the Ardena Company, and Mobile Tank Service, Incorporated, seeking to recover for damage to the pump as a result of a fire, and Roy had taken a default judgment in the amount of $17,500. He had there alleged in the complaint and affidavit supporting the default judgment that he had leased the pump to Miller and Ardena Company.

In the present action, for Roy to recover from Mid-Continent as a gar-

nishee, it was necessary to prove that the pump was not leased to Ardena Company because of an exclusion in the policy which provided:

"This insurance does not apply:

"(i) To property damage to:

"1. Property owned or occupied by or rented to the insured,

"2. Property used by the insured or,

"3. Property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control; * * *."

It is alleged in this action that the fire damage to appellant Roy's pump was caused by the negligence of Ardena Company but that the pump was leased only to Miller, who had placed it on his private property for purposes of repair. The property on which the fire occurred and where the pump had been placed was the site of the Ardena Company treating operation, but it was property owned by Miller individually. It appears that Miller was involved in three related businesses: the development of mineral interests, the trucking of petroleum products, and the treatment of oil. He was the president and sole stockholder in the three enterprises: Miller Petroleum Company, Ardena Treating Company, and Mobile Tank Service, Incorporated. It also appears that the pump was leased for use in the business of the Miller Company and was not used in the business of the other two companies.

The matter was tried to the District Court for the Western District of Oklahoma. In rendering judgment for Mid-Continent, the trial judge found that the pump was in fact leased to Ardena Company. Also it found that as a result of the affidavit in support of the default judgment in the prior action, plaintiff was estopped to contend that the pump was not leased to Ardena Company. Therefore, because of the policy exclusion, judgment was entered for the garnishee. We affirm.

Appellant urges two grounds for reversal: (1) it was error to hold that plaintiff was estopped, and (2) it was error to find that the pump was in fact leased to Ardena. We base our affirmance on a rejection of the latter contention. Since appellees would prevail on either that finding or on estoppel, it is not necessary to discuss the estoppel question.

As to the second and determinative issue, the findings of fact made by the trial judge will of course not be disturbed unless clearly erroneous. Fed.R. Civ.P. 52(a). There is ample evidence in the record to support the finding that Ardena Company was a lessee of the pump, and it is not contended that the policy exclusion does not apply if Ardena Company was a lessee. Judgment for the garnishee-insurer is therefore affirmed.