Don SCHNEIDER, SP–4, United States Army, Plaintiff-Appellant,

v.

Melvin A. LAIRD, Secretary of Defense, The Pentagon, Washington, et al., Defendants-Appellees.

No. 71–1324.

United States Court of Appeals, Tenth Circuit.

Jan. 6, 1972.

C. Nelson Day, U. S. Atty., and H. Ralph Klemm, Asst. U. S. Atty., filed a motion to affirm and memorandum in support of the motion on behalf of appellees.

William J. Lockhart, Salt Lake City, Utah, filed memoranda in opposition to summary action on behalf of appellant.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

## PER CURIAM.

A United States Army Regulation, AR 210–10, delegates to the commanding officer of a military post authority to preclude the on-base distribution of certain publications. Upon his determination that the dissemination of a publication within the area of his command "presents a clear danger to the loyalty, discipline, or morale of troops," the commander is empowered to restrain distribution. Supplements to this regulation, Department of Defense Directive, No. 1325.6 and the Adjutant General's "Guidance on Dissent", indicate that the commanding officer is not to allow personal preferences or tastes to dictate his decision. When the Commanding Officer of Dugway Proving Ground, Utah, was confronted with Schneider's timely requests for permission to distribute on base certain issues of an "underground newspaper", the Daisy, he denied the requests pursuant to AR 210–10. The Department of the Army overruled his decision as to issues numbered one and two, but upheld the decision to exclude the issue numbered four from the military installation.

Schneider, a serviceman assigned to Dugway at the time, who prepared and printed the Daisy during his off-duty hours, sought injunctive and other relief claiming that both the regulation and the military's action thereunder violated constitutional principles. It is urged that, at minimum, he was entitled to a hearing prior to the denial of his requests. Having concluded that the case had not been rendered moot by Schneider's subsequent release from active duty, as another active serviceman stands prepared to continue identical activities involving the Daisy, and having found that jurisdiction existed to review the matter, nevertheless, the district court resolved the above claims adversely to Schneider upon its consideration of oral testimony adduced at an evidentiary hearing together with the stipulation of facts before it and extensive briefs filed in the case.

We agree with the district court's conclusion that the challenged regulation is without constitutional defects. Especially persuasive in this regard is the reasoning underlying the Fourth Circuit's approval of a similar restriction. Dash v. Commanding General, 307 F.Supp. 849 (D.S.C., 1969), aff'd 429 F.2d 427 (4th Cir.1970), cert. denied 401 U.S. 981, 91 S.Ct. 1192, 28 L.Ed.2d 333 (1971). See also, Yahr v. Resor, 431 F.2d 690 (4th Cir.1970), cert. denied 401 U.S. 982, 91 S.Ct. 1192, 28 L.Ed.2d 334 (1971). Schneider's challenge, premised upon the argument that the regulation incorporates procedures amounting to an impermissible prior restraint and that the regulation suffers from vagueness and overbreadth, ignores the recognized peculiarities of the military community, negates the established need of the commander to preserve his control, and disregards the ascertainable standard or guideline superimposed on the regulation in the context of the military environment. See Cafeteria & Restaurant Workers Union, etc., v. McElroy, 367 U.S. 886, 81 S.Ct. 1743,

6 L.Ed.2d 1230 (1961); Weissman v. United States, 387 F.2d 271 (10th Cir. 1967); and United States v. Jelinski, 411 F.2d 476 (5th Cir.1969), cert. denied 396 U.S. 943, 90 S.Ct. 380, 24 L.Ed.2d 245 (1969). In this light, the purposes for which a military base is designed has also led the Fifth Circuit to uphold a military base regulation similarly limiting on-base distribution of publications. United States v. Flower, 452 F.2d 80 (5th Cir., 1971).

 Nor are we able to discover any merit in Schneider's contention that the commanding officer's and the military's application of the regulation exceeded constitutional bounds. The unique posture and ability of a commanding officer to comprehend internal threats to his command or to the loyalty and morale of his troops must augur against Schnieder's position that the military's failure to hold a hearing before final determination deprived him of due process. See, for example, Cafeteria & Restaurant Workers Union, etc. v. McElroy, supra, 367 U.S. at 895, 81 S.Ct. 1743, and Weissman v. United States, supra.

The commanding officer fully stated the reasons for refusing permission to distribute. The district court found as a fact that the commander acted reasonably and in accordance with AR 210–10. The record shows that the commanding officer included specific references to passages of ridicule amplified by explanations of the perceived detrimental effect on the troop discipline, loyalty, and morale. The district court expressly found that the procedures utilized were not ineffective and that the Daisy was not accorded discriminatory treatment. As reflected by the record, claims of delay on the part of the military appear to be attributable partly to Schneider and claims of discrimination lack support. The district court's findings, therefore, will not be disturbed on appeal for they are supported by the record and cannot be termed clearly erroneous. Roy v.

Mid-Continent Casualty Company, 438 F.2d 338 (10th Cir.1971); First National Bank of Cushing, Cushing, Oklahoma v. Security Mutual Casualty Company, 431 F.2d 1025 (10th Cir.1970), cert. denied 401 U.S. 975, 91 S.Ct. 1193, 28 L. Ed.2d 324 (1971); Butler Paper Company v. Business Forms, Ltd., 424 F.2d 247 (10th Cir.1970); and Glens Falls Insurance Company v. Newton Lumber & Mfg. Co., 388 F.2d 66 (10th Cir. 1967), cert. denied 390 U.S. 905, 88 S.Ct. 821, 19 L.Ed.2d 873 (1968).

We informed Schneider that the court was contemplating summary affirmance and that appellees had filed a motion to affirm. Memoranda addressing the merits and opposing summary action have since been submitted. After thoroughly reviewing the files and record of the case, however, we are convinced that the judgment of the district court is correct and that oral argument and further briefing are not necessary.

Accordingly, the motion to affirm is granted and the judgment is affirmed.