**UNITED STATES of America,**

v.

**Richard M. BOWERS, Defendant.**

United States District Court,
N.D. New York.

Dec. 9, 1983.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., Barry L. Gutzman, Capt. USAF, Sp. Asst. U.S. Atty., Griffiss Air Force Base, N.Y., for U.S.A.; Joseph A. Pavone, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

Richard M. Bowers, pro se.

## MEMORANDUM—DECISION AND ORDER

McCURN, District Judge.

Defendant, Mr. Richard Bowers, has been charged with a violation of Title 18, U.S.C. § 1382, which provides in pertinent part:

> ... Whoever reenters or is found within any [military installation], after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof—
>
> Shall be fined not more than $500 or imprisoned not more than six months, or both.

On September 26, 1983, a non-jury trial was held. At the conclusion of the defendant's case, the defendant requested additional time in which to brief the constitutional free speech issues he was relying upon as his sole defense to the trespassing charge. The court granted the defendant's request and directed that the defendant submit his brief within 20 days and directed the government to submit its reply brief within 10 days thereafter. The court reserved its decision pending submission of the briefs. The court has now had an opportunity to review all of the papers submitted. This opinion constitutes the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Fed.R. Civ.P. For reasons set out below, the court finds the defendant guilty of violating 18 U.S.C. § 1382.

*Findings of Fact*

On or about June 3, 1983, the defendant, Mr. Richard Bowers, wrote a letter to Col. Eddie W. Harris, Commander, Griffiss Air Force Base ("Base") requesting permission to enter onto Griffiss Air Force Base and distribute a leaflet. Mr. Bowers had previously submitted a copy of the leaflet to the Air Force for review. After reviewing Mr. Bower's request, Col. Harris denied it by letter dated June 8, 1983. The defendant then wrote to Col. Kennedy at the Base again requesting permission to enter upon Griffiss Air Force Base and distribute leaflets. His request was again denied.

The leaflet which Mr. Bowers sought to distribute was entitled "To Maximize Freedom Within Community We Must Eliminate Huge Nation-States" and was written by the defendant. It warned of the dangers of nuclear weapons and contained the following passage:

> Let me say a few words to those in military services. I urge each to ask to be discharged on the basis of opppsition [sic] to nuclear weapons.
>
> There have been early discharges of military personell [sic] who sought early discharge as unwilling to stay in a military force which might use nuclear weapons.
>
> Before taking such action each should consult with others. As an attorney-at-law, I am willing to help any person in the Army, Navy or Marines be [sic] released from our military. I have addresses of groups active in this field....
>
> Please stop working. As soon as you can. Better stop at once, even if you cannot afford to.

Despite the denial of his requests for permission to enter the Base, Mr. Bowers

entered Griffiss Air Force Base on August 15, 1983 and again requested permission to distribute his leaflet. He was denied access to the Base for that purpose. The defendant then refused to leave the Base and continued to demand the right to distribute his leaflet on the Base. The defendant was then escorted to the Security Police Office where he was issued a "debarment letter."[1] He was then escorted off the Base.

About two hours later the defendant reentered Griffiss Air Force Base and again requested that he be permitted to distribute his leaflet. At that time the defendant was charged with reentering a military installation after having been ordered not to reenter in violation of 18 U.S.C. § 1382. The defendant was issued a violation notice and again escorted off the Base.

Approximately one hour later the defendant returned and reentered the Base, again requesting permission to pass out his leaflets. The defendant refused to leave. At this point, the defendant was arrested and taken into custody.

The parties have stipulated that Griffiss Air Force Base is a restricted or "closed" base. The Base is completely surrounded by perimeter fencing and access is limited to clearly marked gates which are manned by security police twenty-four hours a day.

*Conclusions of Law*

 Violation of 18 U.S.C. § 1382 requires (1) reentry of a military installation within the exclusive control of the United States by the defendant (2) after having been removed or ordered not to reenter (3) by the commanding officer or person in command or charge thereof. These last two requirements are usually met, as here, by the issuance of a valid bar letter signed by the commanding officer. The defendant's motives for entering upon the military installation are irrelevant. *Holdridge v. United States*, 282 F.2d 302, 309–11 (8th Cir.1960). Here there is no doubt that the government has shown that the defendant's conduct constituted a violation of § 1382 as it is undisputed that Mr. Bowers entered upon Griffiss Air Force Base after a valid debarment letter was personally delivered to him. He testified at trial that he knew that Griffiss Air Force Base was a closed base and therefore not open to the public.

The defendant's sole defense to the charge of trespassing is that he had a constitutionally protected right to enter upon the Base to distribute his leaflets because he had submitted his leaflet for review and the Air Force did not review it. His argument is that as the Air Force did not review his leaflet, it could not have made a finding that the leaflet was "a clear danger to the loyalty, discipline or morale of members of the Armed Forces, or material interference with the accomplishment of a military mission."[2] The defendant contends that if the Air Force did not find that his leaflet constituted a clear danger, it cannot bar him from distributing it on the Base.

The defendant relies on *Greer v. Spock*, 424 U.S. 828, 96 S.Ct. 1211, 47 L.Ed.2d 505

---

**1.** Trespassers on military installations are given formal written notice that they are not to reenter the installation without the written permission of the Commander. This notice has come to be known as a "bar letter" or a "debarment letter." *A form letter is used by the Air Force to ensure compliance with the requirements of* § 1382. Air Force Regulation 355–11(A)(3)(b) reads in pertinent part as follows:

> Violators who reenter an installation—after having been removed from it or having been ordered by an officer or person in command or charge, not to reenter—may be prosecuted under 18 U.S.C. § 1382. *If prosecution for subsequent reentry is contemplated, the order not to reenter should be in writing ..., so as to*

*be easily susceptible of proof.* (emphasis added).

**2.** This standard is set out in Air Force Regulation 35–15(3)(a)(2) which reads in pertinent part as follows:

> When prior approval for distribution of posting is required, the commander will determine if a clear danger to the loyalty, discipline, or morale of members of the Armed Forces, or material interference with the accomplishment of a military mission, would result.

The Supreme Court in *Brown v. Glines*, 444 U.S. at 355, 100 S.Ct. at 599 (1980) held that this Air Force Regulation did not violate the First Amendment. *Brown* at 358, 100 S.Ct. at 601.

(1976) and *Brown v. Glines*, 444 U.S. 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980) as support for this contention. In *Greer*, the Court stated that the military authorities could not prohibit the distribution of all literature, but could disapprove publications that constituted "a clear danger to [military] loyalty, discipline, or morale." *Greer* 424 U.S. at 840, 96 S.Ct. at 1218. The Court in *Greer* also stated:

> [R]espondents were excluded from Fort Dix because they had previously distributed literature there *without even attempting to obtain approval for distribution.* (emphasis added)

*Id.*

In *Brown*, the Court held that Air Force Regulations requiring Air Force personnel to obtain approval from their commanders before circulating a petition on Air Force bases was constitutional.

Apparently, the defendant interprets the above language from *Greer* to mean that if one *does* submit a publication for review and the military does not review it, one then has a constitutional right to leaflet. Nothing in *Greer* or *Brown* supports the proposition that the failure of the Air Force to review a publication permits its distribution.

Defendant's free speech argument fails for a number of reasons. First, the defendant has misstated the facts. The Air Force did review the defendant's leaflet. This was clear from the evidence presented at trial and the letter sent to the defendant by Col. Harris on June 8, 1983.[3] Only after reviewing the defendant's leaflet, as required by Air Force Regulation 35–15, did the Air Force deny the defendant permission to distribute it.

Second, this is a criminal prosecution of the defendant for trespassing on a military installation after having been removed and ordered not to return. The reason the defendant decided to trespass is irrelevant. *Holdridge v. United States*, 282 F.2d 302, 309–11 (8th Cir.1960).

Some cases have even held that the validity of the bar letter is irrelevant in a prosecution under 18 U.S.C. § 1382. *United States v. Jelinski*, 411 F.2d 476, *cert. den.* 396 U.S. 943, 90 S.Ct. 380, 24 L.Ed.2d 245 (5th Cir.1969). The *Jelinski* Court stated:

> The underlying bases of the order are not in issue in the criminal proceeding. The criminal responsibility under § 1382 is premised on a violation of the mandate of the order, not its substantive basis.

*Jelinski*, 411 F.2d at 477, n. 2.

Other courts have allowed inquiry into whether the bar order was constitutional. *See United States v. Gourley*, 502 F.2d 785 (10th Cir.1973) (overturning a § 1382 conviction where a bar letter was issued to defendant for distributing anti-war leaflets on an "open" base in violation of his First Amendment rights.)

In this court's view the best rule is to allow a defendant charged with a violation of § 1382 to inquire into whether the commanding officer acted in an arbitrary or capricious manner when issuing the bar letter. The accused must be permitted to challenge the issuance of the bar letter as arbitrary and capricious, at least where the Air Force itself, as here, has promulgated regulations using that standard for the removal of persons from the base.[4] This standard is essentially the one applied in *Bridges v. Davis*, 443 F.2d 970, *cert. den.* 405 U.S. 919, 92 S.Ct. 945, 30 L.Ed.2d 789 (9th Cir.1981); *see also, Weissman v. United States*, 387 F.2d 271 (10th Cir.1967).

■ This standard strikes a balance between allowing the accused an opportunity

---

**3.** Col. Harris' letter states that he *reviewed* Mr. Bower's request to leaflet at Griffiss Air Force Base. Stipulation of Facts, Ex. 3. While the letter does not explicitly refer to the leaflet, it was established at trial that Col. Harris had reviewed the leaflet in question before he denied the defendant's request.

**4.** Air Force Regulation 355–11(A)(1)(b) states in pertinent part:

> Each commander is authorized to grant or deny access to his installation, and to exclude or remove persons whose presence is unauthorized. *In excluding or removing persons from the installation, he must not act in an arbitrary or capricious manner.* His action must be reasonable in relation to his responsibility to protect and to preserve order on the installation and to safeguard persons and property thereon. (emphasis added)

to have a court review the actions of the commanding officer while preventing the court from meddling in the day-to-day affairs of operating a military installation. This standard does not require that the Air Force spell out in detail exactly what is wrong with the literature it disapproves. Here, the leaflet in question calls for military personnel to stop work on all nuclear weapons. Additionally, it counsels military personnel to seek an early discharge based on personal opposition to nuclear weapons. A commanding officer could rationally find that such literature could interfere with the accomplishment of a military mission; indeed, that is precisely the purpose of the literature. As the commanding officer did not act in an arbitrary or capricious manner in issuing the bar letter, and the defendant clearly ignored the letter by entering upon Griffiss Air Force Base after its issuance, the court finds that the defendant is guilty of violating 18 U.S.C. § 1382.

Accordingly, the United States Department of Probation and Parole is hereby directed to prepare a presentence report and sentencing of the defendant is scheduled for 2 p.m., January 24, 1983, at the U.S. Courthouse, Syracuse, New York.

IT IS SO ORDERED.