**Naum S. BERS, Plaintiff,**

v.

**UNITED STATES GOVERNMENT, et al., Defendants.**

**Civ. A. No. 87–206 SSH.**

United States District Court,
District of Columbia.

Aug. 6, 1987.

Naum S. Bers, Ph.D., pro se.

Robert C. Seldon, Asst. U.S. Atty., U.S. Atty's Office, Washington, D.C., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss the complaint. This civil suit is the latest in a series of challenges by plaintiff Naum S. Bers to his 1982 removal from federal employment as an environmental engineer with the Rural Electrification Administration (REA) of the United States Department of Agriculture (USDA). In 1981–82, Bers became embroiled in a dispute with a co-worker and his superiors over the economic wisdom of the REA's decision to guarantee $12 million in bonds issued to fund the installation of pollution control equipment at a power plant in Missouri.[1] As a result of this incident and an earlier reprimand, on June 21, 1982, Bers' employment with REA was terminated. The removal was based on three grounds: disrespectful and discourteous conduct to his supervisors; unwarranted accusations and criticism directed against a fellow federal employee; and failure to obey the instructions of a supervisor.

Bers appealed his dismissal to the Merit Systems Protection Board (MSPB). After conducting an adversarial hearing, the Washington Regional Office of the MSPB upheld the removal on October 12, 1982. In her decision, the presiding officer found that the agency had met its burden of proof with regard to each of the bases for removal, and found that removal was appropriate for two of the three infractions. She also found that while Bers was sincere in his allegations of financial mismanagement at REA, there was no support for his claim that the dismissal was in retaliation for protected whistleblowing activity. Both the full MSPB and the United States Court of Appeals for the Federal Circuit affirmed the decision of the regional office.[2] Bers then petitioned the United

---

1. Bers' allegations were formally investigated by the USDA's Office of the Inspector General. In a report dated August 21, 1985, that office found no support for Bers' claims of mismanagement.

2. On November 6, 1982, while Bers' petition to

States Supreme Court for a writ of mandamus to force the Federal Circuit to reconsider his appeal. Both that petition and a petition for rehearing were denied by the Supreme Court.[3]

On May 27, 1986, Bers submitted to the USDA an administrative complaint under the Federal Tort Claims Act, seeking $1 million in compensatory relief and $500,000 in punitive damages. When no action was taken on the complaint within six months, Bers initiated this action on January 27, 1987. In addition to the United States, Bers names as defendants Harold V. Hunter, Administrator of the REA and the official who authorized Bers' removal; H. Dyer Murphree, the investigator in the USDA's Office of the Inspector General who drafted the report which found no support for Bers' mismanagement claims; Herbert E. Ellingwood, former chairman of the MSPB; Lawrence Shearer, an attorney who investigated Bers' allegations for the Office of the Special Counsel of the MSPB; and Steven Riegel, an attorney who represented the USDA before the Federal Circuit.

*Discussion*

The Court cannot conceive of a route of potential redress that plaintiff has not explored, albeit unsuccessfully, in challenging his removal from federal employment. Although defendants seek dismissal on a number of grounds, two are fully adequate to resolve the motion.

■ First, the elaborate remedial scheme provided by the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111, U.S.Code Cong. & Admin.News 1978, p. 2723 (codified as scattered sections of Title 5 of the United States Code), provides the exclusive route through which federal employees, such as the plaintiff, may seek monetary relief for allegedly improper employment actions. *Bush v. Lucas,* 462 U.S. 367, 388–90, 103 S.Ct. 2404, 2416–17, 76 L.Ed.2d 648 (1983). For tenured employees like Bers, the CSRA provides for administrative review before the MSPB, *see* 5 U.S.C. §§ 7511–14, and judicial review before the Federal Circuit. *See* 5 U.S.C. §§ 7701–03. Additionally, all final decisions of the Federal Circuit are subject to review by the Supreme Court. 28 U.S.C. § 1254. The rich history of this litigation amply demonstrates that these mechanisms were available to plaintiff.

■ Second, even if this Court were able to exercise jurisdiction over plaintiff's claims, the Court would find the matter barred by the principle of *res judicata,* or claim preclusion. Under *res judicata,* "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). This preclusive effect attaches to administrative proceedings when, as with proceedings before the MSPB, the administrative tribunal "is acting in a judicial capacity and resolves issues of fact properly before it which the parties have had an adequate opportunity to litigate," *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1965), and there is an opportunity for judicial review of adverse decisions. *Id.; Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 484, 102 S.Ct. 1883, 1899, 72 L.Ed.2d 262 (1982).

the MSPB to review the regional office's decision was pending, he requested intervention on his behalf by the Office of the Special Counsel of the MSPB. On December 30, 1982, that office responded that it had investigated Bers' allegations, including his allegations of reprisal, and found no basis to intervene.

3. Bers also sought relief from Congress through the introduction of a private bill authorizing $100,000 in compensation. That bill, H.R. 5869, 98th Cong., 2d Sess. (1984), as well as a resolution to refer the bill, pursuant to 28 U.S.C. § 1492, to the Chief Judge of the United States Claims Court for factfinding, H.R.Res. 525, 98th Cong., 2d Sess. (1984), were referred to the House Committee on the Judiciary, where they apparently died.

Clearly, plaintiff has fully litigated, or had an ample opportunity to litigate, the claims upon which this action is based. He may not create a new cause of action merely by restating his claim of "reprisal" as "conspiracy." *See Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978); *Small Business Administration v. Taubman*, 459 F.2d 991, 992 (9th Cir.1972). Moreover, to the extent plaintiff felt that he was treated unfairly by the MSPB, redress lay exclusively in appeal to the Federal Circuit, *see* 28 U.S.C. § 1295(a)(9), and to the extent plaintiff felt that he was treated unfairly by the Federal Circuit, redress lay exclusively in seeking relief from the Supreme Court. *See* 28 U.S.C. § 1254. Notwithstanding *Bush, supra*, this Court surely lacks jurisdiction to review decisions of the MSPB and the Federal Circuit.[4]

### Conclusion

It understates matters to say that plaintiff seeks a second bite of the proverbial apple. Rather, plaintiff, having entirely consumed the apple, now seeks another on the grounds that the first was rotten. While the Court does not doubt that plaintiff's appetite is genuine, it must grant defendant's motion to dismiss.[5]

---

**4.** The Court does not reach, and consequently expresses no opinion with respect to, defendants' arguments that the complaint is barred by principles of official immunity, time-barred by applicable statutes of limitation, or not within the scope of the Federal Tort Claims Act.

**5.** Plaintiff has requested an oral hearing on defendants' motion. Upon careful consideration of the motion and the opposition thereto, as well as all exhibits appended to the parties' pleadings, the Court finds that a hearing would not serve to further define the relevant issues. Accordingly, pursuant to Local Rule 108(f), plaintiff's request is denied.