986 F.2d 1432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Warren WEXLER, Plaintiff-Appellant,
v.
MERIT SYSTEMS PROTECTION BOARD, Steven L. Chaffin,
Defendants-Appellees.
 No. 92-1194.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Warren Wexler appeals from an order of the United States District Court for the District of Colorado granting summary judgment to Defendants, Merit Systems Protection Board (MSPB) and Steven Chaffin, in this action involving the validity of a settlement and release agreement entered into by Plaintiff with his former employer, the Bureau of Reclamation (BOR), on December 1, 1988. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 2
 Plaintiff was an employee of the BOR of the United States Department of the Interior, and was dismissed for cause on September 2, 1988. Plaintiff appealed his dismissal to the MSPB. The MSPB scheduled a hearing on Plaintiff's appeal for December 1, 1988. Plaintiff was represented by counsel during this appeal, and prior to the MSPB hearing, Plaintiff and the BOR entered into a settlement agreement. On December 6, 1988, the administrative judge, Defendant Chaffin, found that the agreement was lawful and freely entered into by the parties. Plaintiff then appealed the December 6, 1988 decision to the MSPB, claiming that Chaffin had forced and coerced him into accepting the settlement offer. On April 19, 1989, the MSPB denied Plaintiff's petition finding that the decision of the administrative judge was based on correct interpretation of the law, and that no new and material evidence that was unavailable, despite due diligence, when the record was closed, had come to light. Wexler v. Department of Interior, No. DE7528810434 (MSPB Apr. 19, 1989). See also 5 C.F.R. § 1201.115. On October 6, 1989, the United States Court of Appeals for the Federal Circuit affirmed the decision of the MSPB. Wexler v. Department of Interior, No. 89-3264, slip op. (Fed.Cir. Oct. 6, 1990).
 
 
 3
 In the instant case, Plaintiff filed a complaint in the district court, seeking $51 million in damages, claiming that he recently discovered that an ex parte communication had occurred between Chaffin and Plaintiff's former counsel on the morning of December 1, 1988, prior to the MSPB hearing. Plaintiff alleged that this "new evidence" shows a conspiracy between Chaffin and Plaintiff's counsel to use undue influence and to defraud Plaintiff into accepting a wrongful settlement.[1] Plaintiff's complaint also alleged that he filed a "tort claim" with the MSPB which was denied on May 22, 1991. On Defendants' motion for summary judgment, the district court held that Plaintiff's claims against Chaffin were barred because he is entitled to absolute judicial immunity. The court also held that the claims against MSPB were barred by the doctrine of res judicata. We hold that the district court lacked jurisdiction over Plaintiff's claims, and we therefore remand with instructions to vacate the judgment.
 
 
 4
 The elaborate remedial scheme provided by the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95-454, 92 Stat. 1111, 1978 U.S.C.C.A.N. 2723 (codified in scattered sections of 5 U.S.C.), provides the exclusive route through which federal employees, such as Plaintiff, may seek monetary relief for allegedly improper employment actions. Bush v. Lucas, 462 U.S. 367, 388-90 (1983). The CSRA provides for administrative review before the MSPB. See 5 U.S.C. § 7701. Under the MSPB regulations, initial decisions are prepared by administrative judges, with review available before the MSPB. 5 C.F.R. §§ 1201.111-.114. Except in discrimination actions, the Federal Circuit Court of Appeals has exclusive jurisdiction over appeals from final orders or decisions of the MSPB. 5 U.S.C. § 7703. See also 28 U.S.C. § 1295(a)(9). Appeal to the Federal Circuit is available to employees "adversely affected or aggrieved by a final order or decision of the [MSPB]." 5 U.S.C. § 7703(a)(1).
 
 
 5
 Although we construe pro se complaints liberally, see Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988), we cannot find any authority to support district court jurisdiction in this case. First, to the extent Plaintiff is challenging the procedures by which he achieved satisfaction of his employment termination claim, these procedures are governed by the CSRA, which vests exclusive jurisdiction in the MSPB and the Federal Circuit. See Bers v. United States, 666 F.Supp. 1, 2-3 (D.D.C.1987); Arakawa v. Reagan, 666 F.Supp. 254, 257 (D.D.C.1987). Plaintiff claims a prohibited ex parte communication between Chaffin and Plaintiff's attorney, and the MSPB has specifically provided avenues of redress. See 5 C.F.R. § 1201.101-.103. To the extent Plaintiff is attempting to set aside the settlement agreement by using undue influence as a defense to the settlement, such challenge is an impermissible collateral attack. The MSPB and the Federal Circuit have adjudged the settlement to be valid. It is well established that only void judgments--i.e., judgments which show a jurisdictional defect--can be subject to collateral attack. 7 Moore's Federal Practice p 60.41 (2d ed. 1992). Plaintiff has not alleged that the MSPB or Federal Circuit judgments are void, therefore, the District Court has no jurisdiction to entertain a collateral attack.
 
 
 6
 Finally, to the extent that Plaintiff's complaint states a tort claim against the MSPB and Chaffin, the district court lacks jurisdiction. The Federal Tort Claims Act, (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, provides the exclusive remedy for tort actions against the federal government, its agencies, and employees. Ascot Dinner Theatre v. Small Business Admin., 887 F.2d 1024, 1028 (10th Cir.1989); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir.1988). Under the FTCA, only the United States is a proper defendant, and failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction. Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990); Vernell v. United States Postal Service, 819 F.2d 108, 110 (5th Cir.1987). Further, claims of fraud against the federal government are barred by § 2680(h) of the FTCA, and, like other exceptions to the FTCA, § 2680(h) limits the jurisdiction of the federal courts. See Paul v. United States, 929 F.2d 1202, 1204 (7th Cir.1991); United States v. Texarkana Trawlers, 846 F.2d 297, 304 (5th Cir.1988). Therefore, because Plaintiff has failed to name the United States as a defendant in this action, and because his claim is one of fraud, the district court lacks jurisdiction.
 
 
 7
 REVERSED and REMANDED with instructions to VACATE for want of jurisdiction.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The "new evidence" of ex parte communication consisted of notes by Plaintiff's former counsel in which he made reference to an earlier MSPB precedent that Chaffin subsequently also mentioned during the pre-hearing proceedings