Gamas v. Anheuser-Busch                    CV-03-89-PB   02/23/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**George Gamas**

v.

Civil No. 03-89-PB
2005 DNH 030

**Anheuser-Busch, Inc.**

MEMORANDUM AND ORDER

George Gamas has filed a three-count complaint against
Anheuser-Busch, Inc.  He charges in Count I that Anheuser-Busch
violated 42 U.S.C. § 1981 by discriminating against him on the
basis of his national origin.  He claims in Count II that
Anheuser-Busch engaged in national origin discrimination in
violation of Title VII, 42 U.S.C. § 2000e, et seq.  He alleges in
Count III that Anheuser-Busch violated his rights under the
Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et
seq.

Anheuser-Busch has filed a motion for summary judgment.  It
argues that it is entitled to prevail on Count I because § 1981

does not cover national origin discrimination.  It contends that it is entitled to prevail on Counts II and III because Gamas did not file a timely charge asserting his claims with the Equal Employment Opportunity Commission ("EEOC").  I address each argument in turn.

## A.  Section 1981 Claim

Gamas alleges in his complaint that Anheuser-Busch violated § 1981 by discriminating against him on the basis of his Greek national origin.  Anheuser-Busch argues that it is entitled to prevail on this claim because § 1981 does not cover claims of national origin discrimination.

Although I agree that § 1981 does not cover discrimination based on national origin, it does reach certain claims based on ancestry.  See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987).  Whether a claim of ancestry discrimination is cognizable under § 1981 depends upon whether the group whose ancestry the plaintiff shares was viewed as racially distinct and entitled to protection when § 1981 was enacted.  See Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 616-17 (1987) (applying 42 U.S.C. § 1982).  Courts in other jurisdictions have applied this test to recognize § 1981 claims based on Italian

ancestry (<u>Bisciglia v. Kenosha Unified Sch. Dist. No. 1</u>, 45 F.3d 223, 229-30 (7th Cir. 1995)), French ancestry (<u>Franchitti v. Bloomberg</u>, 2004 WL 2366183, *3-4 (S.D.N.Y. 2004)), and Greek ancestry (<u>Drikos v. City of Palos Heights</u>, 2003 WL 22872130, *2 (N.D. Ill. 2003)).

Although Gamas limited his complaint to a claim of national origin discrimination, his objection to the motion for summary judgment reveals that he intended to also claim that he was the victim of discrimination on the basis of his Greek ancestry. As discussed, this claim could be brought under § 1981. Rather than waiting for Gamas to formally move to amend his complaint, however, I deem the complaint to be amended to include a claim for discrimination on the basis of Greek ancestry. Anheuser-Busch's motion for summary judgment with respect to this claim is denied without prejudice.

B. **Title VII and ADA Claims**

Both Title VII and the ADA require claimants such as Gamas to file a charge with the EEOC before filing a claim in court. <u>See</u> <u>Rivera v. Puerto Rico Aqueduct and Sewers Authority</u>, 331 F.3d 183, 188 (1st Cir. 2003) (Title VII); <u>Stepney v. Naperville Sch. Dist. 203</u>, 392 F.3d 236, 239 (7th Cir. 2004) (ADA). In this

case, Gamas was required to file a charge "within three hundred days after the alleged unlawful employment practice occurred. . . ."[1]  42 U.S.C. § 2000e-5.  The parties disagree as to how this limitation period should be determined.  Anheuser-Busch argues that the 300-day limitation period includes weekends and holidays, even when the last day of the period falls on a weekend or holiday.  Gamas relies on Fed. R. Civ. P. 6(a)[2] in arguing that the last day of the filing period should not be counted when it is a Saturday, Sunday, or legal holiday.  This difference is significant because Gamas filed his charge on the Tuesday after the Labor Day weekend, on what would be the three hundred and second day if I were to adopt Anheuser-Busch's time computation rule.

Title VII does not have its own time computation rule and the statute's implementing regulations are also silent on the subject.  Although it could certainly be argued that in the

_____

[1]  The parties agree that Gamas is entitled to the 300-day limitation period.  I accept this agreement without attempting to determine on my own whether a different limitation period should apply.

[2]  Rule 6(a) provides in pertinent part that "the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . ."

-4-

absence of such a rule, the most reasonable way to construe the limitation period would be to count all days, even when the last day of the filing period falls on a day when the EEOC is not open for business, it makes more sense to construe the filing requirement in light of the time computation rule set forth in the Federal Rules of Civil Procedure.

Every circuit court that has addressed the issue in the context of Title VII's general statute of limitations has endorsed this view and construed the limitation period in accordance with Rule 6(a). Kane v. Douglas Elliman, Hollyday & Ives, 635 F.2d 141, 142 (2d Cir. 1980); Pearson v. Furnco Const. Co., 563 F.2d 815, 818-19 (7th Cir. 1977); see also Milam v. United States Postal Service, 674 F.2d 860, 862 (11th Cir. 1982) (construing special limitations period for claims against the federal government). Although no circuit court has yet considered whether the approach to time computation embodied in Rule 6(a) should also be applied to Title VII's administrative filing requirement, the only district courts that have addressed the issue had concluded that it should. See Davitt v. Open MRI of Allentown, LLC, 2003 WL 2316429 *4 (E.D. Pa. 2003) (Title VII); Bethelmie v. New York City Health and Hosp. Corp., 2001 WL

863424 *2 (S.D.N.Y. 2001) (ADA); <u>Bonebrake v. West Burlington Ind. Sch. Dist.</u>, 2001 WL 901265 *4 (S.D. Iowa 2001)(ADEA); <u>see also</u> <u>Suarez v. Puerto Rico Elec. Power Auth.</u>, 798 F.Supp. 876, 887 (D.P.R. 1992) (relying on Rule 6(a) for determination that administrative limitation period begins on day after unlawful practices); <u>Treadwell v. John Hancock Mut. Life Ins. Co.</u>, 666 F.Supp. 278, 292 (D. Mass. 1987) (same). Because it is reasonable to assume that the drafters of the 300-day limitation period had Rule 6(a) in mind when they enacted the limitation period, I adopt Gamas's argument on this point and reject Anheuser-Busch's motion for summary judgment.

<u>**CONCLUSION**</u>

For the reasons set forth in this Memorandum and Order, Anheuser-Busch's Motion for Summary Judgment (Doc. No. 18) is denied. Anheuser-Busch may file a second motion for summary judgment arguing that Gamas has failed to provide sufficient evidence to support: (1) his § 1981 claim that he was subject to unlawful discrimination on the basis of his Greek ancestry; (2)

his Title VII claim that he was discharged as a result of his national origin; (3) his ADA claim that he was discharged because of his disability; and (4) his contention that his Title VII and ADA hostile work environment claims are not barred by the 300-day limitation period because they are part of continuing violations that included his unlawful termination.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 23, 2005

cc: William Aivalikles, Esq.
    Andrea K. Johnstone, Esq.
    Laurel Siemers, Esq.