**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

QUINN NGIENDO,

        Plaintiff-Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION; CAROLYN W.
COLVIN, Acting Commissioner of
Social Security Administration,

        Defendants-Appellees.

No. 13-3174
(D.C. No. 5:12-CV-04166-CM-JPO)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Quinn Ngiendo appeals the district court's order dismissing her pro se

complaint. She also appeals the denial of her motion for reconsideration. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On April 22, 2011, Ngiendo was involved in a heated argument with an employee and a physical altercation with a security guard at an office of the Social Security Administration (SSA) in Topeka, Kansas. She filed suit for damages in state court against the SSA and its Acting Commissioner, Carolyn W. Colvin, under the Federal Torts Claims Act (FTCA), several federal civil rights statutes, and several federal and state criminal statutes. Ngiendo alleged that her back was injured in the scuffle with the guard and that the incident exacerbated her psychological problems. Following removal of the case to federal district court, the SSA and Colvin filed a motion to dismiss, which was granted by the court. This appeal followed.

Ngiendo argues that the district court's orders are a product of its failure to liberally construe her pro se complaint or afford her the opportunity to add the United States as a defendant and accomplish proper service of process. Based on our careful review of the record, the parties' briefs, and the law, we affirm for substantially the same reasons set forth in the court's Memorandum and Order of April 10, 2013, and Order of May 6, 2013.

The district court correctly ruled that it lacked subject-matter jurisdiction because only the United States is a proper defendant in suit under the FTCA and Ngiendo's failure to name the United States as a defendant "'result[ed] in a fatal lack of jurisdiction,'" R. at 214 (quoting *Wexler v. Merit Sys. Prot. Bd.*, No. 92-1194, 1993 WL 53548 at *2 (10th Cir. Feb. 17, 1993)). Moreover, we agree that Ngiendo's request to add the United States as a defendant would have been futile because she

failed to exhaust her administrative remedies, which is a jurisdictional prerequisite to filing suit under the FTCA. *See Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993) ("[U]nless plaintiff first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have had jurisdiction over plaintiff's FTCA claims").

As to the remaining claims, the district court dismissed them on two separate grounds: (1) insufficient service of process under Fed. R. Civ. P. 12(b)(5) and (2) failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). The court correctly determined that Ngiendo failed to comply with Fed. R. Civ. P. 4(i), which sets forth the proper method for serving the United States and its agencies. We also agree that even under a liberal construction of the complaint, Ngiendo failed to plead sufficient facts to support the plausibility of her claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that for a claim to have facial plausibility the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Likewise, Ngiendo's request to add the United States as a defendant and properly serve the defendants would have been futile. As the district court explained, Ngiendo's "opposition [to the motion to dismiss] is a 15-page, single-spaced diatribe of allegations against defendants. Even assuming all of these allegations appeared in her complaint, she still fails to state a plausible claim over which this court would have jurisdiction." R. at 219. And Ngiendo's motion for reconsideration was

properly denied because it did not identify any "intervening change in the controlling law, . . . new evidence previously unavailable, [or] . . . the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge