In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3049

SHAROCCO CLARK,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:01cv0723AS—**Allen Sharp**, *Judge.*

SUBMITTED MARCH 11, 2003—DECIDED APRIL 22, 2003

Before EASTERBROOK, ROVNER, and EVANS, *Circuit Judges*.

PER CURIAM. Sharocco Clark sued the United States, alleging that the Internal Revenue Service tortiously refused to issue him a new tax refund check after one of his family members stole his check and cashed it. He demanded a replacement check as well as compensatory and punitive damages for the IRS's alleged misconduct. The district court dismissed Clark's claim for damages for lack of subject matter jurisdiction, invoking a provision of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(c), that exempts the government from tort liability for tax-related claims. To the extent that Clark was merely seeking a replacement check from the government, the district court

concluded that that claim was premature because his administrative claim for a new check under 31 U.S.C. § 3343 was pending before the Financial Management Service, a division of the Treasury Department. Indeed, following the district court's decision, the Financial Management Service determined that Clark met the requirements of § 3343[1] and sent him a replacement check for the full amount of his 1998 tax refund. On appeal, Clark argues that, although he now has received his tax refund, the government is liable under the FTCA for injuries resulting from the IRS's refusal to issue him the replacement check a year and a half earlier.

To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997). The FTCA provides both a jurisdictional grant and a waiver of sovereign immunity: 28 U.S.C. § 1346(b)(1) creates federal jurisdiction to decide cases against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance of the law of the place where

---

[1] Under 31 U.S.C. § 3343, the Secretary of the Treasury has the authority to issue a replacement check, without interest, if it determines (1) that the check was lost or stolen without fault of the payee; (2) the check was negotiated and paid on a forged endorsement of the payee's name; and (3) the payee did not participate in any part of the proceeds from the negotiation. *See* 31 U.S.C. § 3343(b).

the act or omission occurred"; 28 U.S.C. § 2674, in turn, waives the sovereign immunity of the United States, making it liable in tort "in the same manner and to the same extent as a private individual under like circumstances." However, the FTCA incorporates several exceptions whereby the United States retains its immunity from suit including § 2680(c), which, among other things, exempts the government from liability for "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). The district court concluded that this exception deprived it of subject matter jurisdiction over Clark's tort claim. Though a number of decisions have treated statutory exceptions to liability under the FTCA similarly, *see*, *e.g.*, *Smith v. United States*, 507 U.S. 197, 199-201 (1993); *Aragon v. United States*, 146 F.3d 819, 823 (10th Cir. 1998); *Rothrock v. United States*, 62 F.3d 196, 198, 200 (7th Cir. 1995); *Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991), recent authority from this circuit suggests that the district court's treatment of the exception as "jurisdictional," rather than an aspect of Clark's statutory right to relief, might not have been technically correct*, see Frey v. EPA*, 270 F.3d 1129, 1135 (7th Cir. 2001); *United States v. Cook County*, 167 F.3d 381, 388-89 (7th Cir. 1999); *Kanar*, 118 F.3d at 530; *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-95 (1990) (holding that strict compliance with limitations period is not a jurisdictional prerequisite to employment discrimination suit against the government). In any case, the distinction does not matter here. Either way we look at it, jurisdictionally or in terms of the statement of a claim, the district court correctly concluded that Clark's claim against the United States could not proceed under the FTCA.

Clark contends that § 2680(c) does not foreclose his claim because the claim does not relate to the IRS's "assessment or collection" of taxes, but rather its refusal to issue

a replacement tax refund. We are not convinced. This court has not yet addressed the scope of § 2680(c)'s tax-related exemption in a published opinion, but the Fifth Circuit has stated, "[I]n enacting Section 2680(c) of the FTCA, Congress intended to insulate the IRS from tort liability stemming from any of its revenue-raising activities." *Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981). And, other circuits have held that a wide range of activity by the IRS "arises in respect of" its collection or assessment of taxes, *see Jones v. United States*, 16 F.3d 979, 980-81 (8th Cir. 1994) (§ 2680(c) applies to overzealous IRS investigation into plaintiff's tax practices); *Murray v. United States*, 686 F.2d 1320, 1323-24 (8th Cir. 1982) (tort claim based on IRS's refusal to allow redemption of property seized for non-payment of taxes was claim "arising in respect of the collection of a tax" under § 2680(c)); *Am. Assoc. of Commodity Traders v. Dep't of Treasury*, 598 F.2d 1233, 1235 (1st Cir. 1979) (suit seeking damages for denial of tax-exempt status falls within § 2680(c)), including the payment of tax refunds, *see Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477-78 (2d Cir. 1995). *See also Kosak v. United States*, 465 U.S. 848, 854 (1984) (reading phrase "arising in respect of" in § 2680(c) to mean any claim "arising out of" the detention of goods). In *Aetna*, the Second Circuit held that a surety's claim that the IRS tortiously converted its interest in a subrogee's tax refund was foreclosed by § 2680(c). In so holding, the Second Circuit stated, "We understand the § 2680(c) exception to cover claims arising out of the operation of the government's mechanism for assessing and collecting taxes. The payment of refunds when due is an integral part of that mechanism." 71 F.3d at 478. Similarly, Clark's claim based on the IRS's refusal to issue him another tax refund check after his was cashed by someone else likely would arise out of the IRS's assessment or collection mechanism.

But we need not resolve whether § 2680(c)'s exemption encompasses Clark's FTCA claim, because he could not

avail himself of the Act in any event—"The Tort Claims Act applies only to *torts*." *Paul*, 929 F.2d at 1204 (emphasis in original). Clark's allegations against the government do not add up to any state-law tort. He merely alleges that the IRS violated federal law by failing to promptly issue him a replacement check under 31 U.S.C. § 3343. An alleged violation of a federal statutory duty cannot form the basis of a FTCA claim. *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) ("[T]he FTCA was not intended as a mechanism for enforcing federal statutory duties."); *Johnson v. Sawyer*, 47 F.3d 716, 728 (5th Cir. 1995) (en banc) (FTCA does not apply where the alleged negligence "arises out of the failure of the United States to carry out a [federal] statutory duty"). Moreover, § 3343 does not create any duty on the part of the IRS to issue replacement checks; that responsibility lies with other officials of the Treasury Department—namely, the Financial Management Service, which has now issued Clark a new check after completing its investigation. *See* 31 C.F.R. § 245.1; *see also Your Ins. Needs Agency Inc. v. United States*, 274 F.3d 1001, 1006 (5th Cir. 2002) (government fulfilled obligation to pay tax refund by sending refund check to the address shown on the taxpayer's return; § 3343 provides mechanism for replacement check claims). So, whether or not we would agree with Clark about § 2680(c), the FTCA provides no basis for his claim for damages against the United States.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*