**Roger C. JOHNSON, Plaintiff**

**v.**

**UNITED STATES of America, et al., Defendant.**

**Civil Action No. 2:08–cv–12.**

United States District Court, S.D. Ohio, Eastern Division.

Dec. 19, 2008.

Roger C. Johnson, Cambridge, OH, pro se.

Gerald C. Miller, U.S. Dept. of Justice, Washington, DC, Ronald Harold Isroff, Ulmer & Berne, Cleveland, OH, David M. Davis, John M. Boyda, Hardy, Lewis & Page, P.C., Birmingham, MI, Rebecca Beata Jacobs, Ulmer & Berne, Columbus, OH, for Defendant.

## ORDER

JAMES L. GRAHAM, District Judge.

This matter is before the Court pursuant to the motion of Defendant the United States of America to dismiss (Doc. 14) and the motion of Defendant Fidelity Investments for summary judgment (Doc. 24). For the reasons set forth herein, both are granted.

Plaintiff claims in this action that Defendants are illegally taking funds from his pension check pursuant to an invalid IRS levy. (Doc. 3 at 2.) He seeks damages, jointly and severally, against the United States, the Secretary of the Treasury, the IRS Commissioner, and Fidelity Investments.[1] (Doc. 3 at 2–3.) Plaintiff has appeared in prior actions in which he alleges, under one theory or another, that he is not required to pay income tax. *See, e.g., Johnson v. Wallar,* S.D. Oh. Case No. 2:96–cv–0633; *Johnson v. Everson,* Case No. 2:05–cv–0586; *Johnson v. Everson,* Case No. 2:06–mc–0010. This action is of a similar nature. Plaintiff raises a multitude of arguments, including that the IRS was required to and failed to comply with the Uniform Commercial Code, that the levy was improperly imposed as a maritime lien, that only federal employees are subject to levy, that his income was not taxable, and that he is not a taxpayer. (Doc. 3 at 2; Doc. 25 at 2–4; Doc. 34 at 1–2)

■ On November 15, 2007, Defendant Fidelity Investments ("Fidelity") received a Notice of Levy from the IRS.[2] (Doc. 24–1 at 3.) This levy required Fidelity to deduct $2,290.83 every month from Plaintiff's monthly pension payment to satisfy unpaid taxes. (Doc. 24–1 at 3.) On December 3, 2007, Fidelity (writing specifically as "[t]he GM Benefits & Services Center, provided by Fidelity Employer Service Company") sent Plaintiff written notice that it was complying with the IRS levy. (Doc. 24–1 at 17.) Thereafter, Fidelity deducted the funds and submitted them to the IRS every month. (Doc. 24–1 at 3.)

Defendant Fidelity asserts, correctly, that it is immune from suit for complying with an IRS Notice of Levy. 26 U.S.C. § 6332(e) states:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

The application of this statute is clear. Fidelity was, at all relevant times, in possession of Plaintiff's property or rights to property. The Secretary of the Treasury (through an agency of the Treasury Department) made a levy upon such property. Fidelity surrendered the property to the IRS, and is now "discharged from any obligation or liability" to Plaintiff. Thus, this action cannot be maintained against it.

■ Defendant the United States of America states, correctly, that Plaintiff's claim against it is barred under the doctrine of sovereign immunity. The United

---

1. Actual damages, punitive damages, and "[s]uch other relief to the Petitioner as is just" is the sole relief requested. (Doc. 3 at 2.)

2. The defendant referred to in Plaintiff's Complaint as "Fidelity Investments" notes that it is actually named "Fidelity Investments Institutional Operations Company, Inc.". (Doc. 24 at 1.)

States may not be sued without its consent, and such consent is strictly construed. *Fishburn v. Brown*, 125 F.3d 979, 981 (6th Cir.1997). To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action. *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003). Plaintiff does not state under what statute he brings suit against the United States. Given the nature of the damages he seeks, the Court can only presume that he intends to bring suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(c). As Plaintiff knows, however:

> The FTCA excepts "[a]ny claim arising in respect to the assessment or collection of any tax...." 28 U.S.C. § 2680(c). The Court finds that plaintiff's claim for monetary damages arises from the assessment or collection of taxes. Plaintiff's damages claim is therefore barred under the doctrine of sovereign immunity. *See Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir.1997).

*Johnson v. United States*, S.D. Oh. Case No. 2:05–cv–586, 2006 WL 2354929, order of March 22, 2006 (Smith, J.)

Because the FTCA contains an exception prohibiting parties from seeking damages from the United States on a claim arising from the assessment or collection of taxes, Plaintiff's claim is barred under the doctrine of sovereign immunity. Thus, this action must be dismissed with respect to the United States.

For the reasons stated herein, the motion of Defendant the United States of America to dismiss (Doc. 14) is **GRANTED**, and the motion of Defendant Fidelity Investments (Doc. 24) is **GRANTED.** The Clerk of Court is **DIRECTED** to enter judgment for Defendants.

IT IS SO ORDERED.