**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017[*]
Decided January 27, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3117

| | |
|---|---|
| JANEL N. SMITH, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 15-CV-33-NJR-PMF |
| UNITED STATES OF AMERICA and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br>     *Defendants-Appellees*. | Nancy J. Rosenstengel, <br> *Judge*. |

## O R D E R

Janel Smith, an investigatory analyst for the Bureau of Alcohol, Tobacco, Firearms and Explosives, appeals the dismissal of her suit against the United States and the Bureau under the Federal Tort Claims Act , 28 U.S.C. §§ 1346(b), 2674. We affirm.

---

[*] We have agreed unanimously to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

The allegations in Smith's amended complaint, as the district court noted, are "quite murky." According to her complaint, Smith informed Bureau management that she intended to file both a complaint with the Equal Opportunity Employment Commission and a whistleblower complaint with the Office of the Inspector General because she was being harassed by her supervisor, Lisa Storey, and a co-worker, Frances Bruce. After filing these complaints, Smith maintained that Storey harassed and threatened her on multiple occasions. Storey, Smith alleged, told her that the Department of Justice was tracking her, that she would be "blacklisted" for filing administrative complaints, and that she would lose any suit she filed against the Bureau. Sometime later, before responding to a discovery request from the EEOC about her complaint, Smith asserted that the Bureau helped Storey replace the hard drive in her computer. The harassment escalated to workplace violence more than a year later, Smith further alleged, when Bruce intentionally hit her with a stack of paper.

Smith filed this suit seeking monetary damages against the United States and the Bureau for "negligent, wrongful acts, and omissions" committed against her by government employees during the course of her employment. She asserted that she was bringing her claims under the FTCA; the Whistleblower Protection Act of 1989, 5 U.S.C. § 1221; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; 28 U.S.C. § 2680(a); 28 U.S.C. § 2680(h); 18 U.S.C. § 2701; the Due Process Clause of the Fourteenth Amendment; and two internal Bureau policies, ATF Order 1340.4A and ATF Order 8610.1B.

The district court construed Smith's complaint to include twelve counts under the FTCA, eleven of which it dismissed with prejudice and one without prejudice.[1] *See* FED. R. CIV. P. 12(b)(6). For purposes of this appeal, the most noteworthy claims dismissed by the district court were Smith's due process claim and her claim based on the Bureau's removal of Storey's hard drive before the completion of discovery in violation of ATF Order 1340.4A and 18 U.S.C. § 2071.

The court allowed Smith five weeks to amend her complaint to state a claim for intentional infliction of emotional distress and to include any non-FTCA claims—such as claims based on Title VII or *Bivens*—that the district court did not consider. When Smith

---

[1] The district court dismissed ten counts with prejudice. It then dismissed Smith's Title VII count with prejudice but allowed her leave to amend her complaint to name a proper defendant.

failed to amend her complaint by the court's deadline, the court dismissed the action under Fed. R. Civ. P. 41(b).

Smith's appeal is difficult to parse, but as best we can tell she challenges the dismissal of her claim relating to the destruction of Storey's hard drive. The district court dismissed this claim against the Bureau because it was not a proper defendant. The district court also dismissed this claim against the United States because Smith did not identify any tort for which a private person could be found liable for removing a hard drive before the completion of a government investigation. To the extent her claim could be construed as one for spoliation of evidence, the court added that Smith failed to allege facts sufficient to state such a claim. Alternatively, if she meant to assert a claim of misrepresentation (in that the removal of the hard drive tainted the completeness or accuracy of information given to the EEOC regarding her discrimination complaint), she would be barred from doing so because the FTCA expressly excludes claims arising out of misrepresentation.

We agree with the district court that Smith did not state any claim relating to the replacement of Storey's hard drive. The district court properly dismissed the claim against the Bureau because the United States is the only proper defendant in a FTCA suit. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). And it correctly determined that Smith did not state a claim against the United States because she did not identify an underlying state-law claim—a prerequisite to bringing a FTCA suit against the United States. *See* 28 U.S.C. § 1346(b)(1); *Reynolds v. United States*, 549 F.3d 1108, 1111 (7th Cir. 2008). In Illinois, spoliation of evidence is not an independent tort but rather a type of negligence. *See Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270–71 (Ill. 1995). To succeed on her negligence claim, Smith was required to allege and show that the defendant owed her a duty, that the defendant breached that duty, and that the breach was the proximate cause of her injuries. *See Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013). But Smith did not allege in her complaint that she suffered any injury from the replacement of the hard drive, so her claim was rightly dismissed.

Smith next asserts that the district court improperly dismissed her due process claim against the United States because she adequately alleged that the replacement of Storey's hard drive violated her due process rights. But to the extent Smith asserts that she can state a claim under the FTCA for a violation of her due process rights, she is mistaken. Constitutional tort claims are not cognizable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994). And to the extent she argues that the district court should have evaluated whether she adequately stated a *Bivens* claim with respect to the

replacement of Storey's hard drive, we agree with the court's decision not to do so. Her complaint focused on the alleged harassment as the grounds for her due process claim, not the replacement of Storey's hard drive. And any *Bivens* claim would necessarily fail because Smith did not name an individual defendant in her complaint. *See United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). What's more, Smith also was given leave to file an amended complaint so that she could include any additional claims (including a *Bivens* claim against an individual defendant) not considered by the district court—a practice that we have encouraged, s*ee Stanek v. St. Charles Comm. Unit Sch. Dist. No. 303*, 783 F.3d 634, 639 (7th Cir. 2015), and failed to do so.

One final note: the district court should have recognized that it converted the motions to dismiss into motions for summary judgment under FED. R. CIV. P. 12(d) because it relied on matters outside of the pleadings to resolve the motions. *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015). The court thus should have given the parties notice of the motions' conversion and an opportunity to present materials relevant to the motions. *Id*. at 861. Its failure to do so was error, s*ee Rutherford v. Judge & Dolph Ltd.*, 707 F.3d 710, 713–14 (7th Cir. 2013), but it was harmless because consideration of these materials could not have affected Smith's substantial rights. *See Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479–80 (7th Cir. 2002). Smith responded to the defendants' motions with exhibits of her own and reasserted all of the facts set forth in her Standard Form 95, which the defendants had initially produced.

We have considered Smith's other arguments and none has merit.

AFFIRMED.